THE COUNTY OF DELAWARE v. GRIFFIN.

1. Fees: REDEMPTION. The fees paid to the treasurer of the county for a certificate of redemption, under § 777 of the Revision of 1860, should be accounted for by that officer to the county, and applied as other fees collected by said officer are applied by law.

*Appeal from Dubuque District Court.*

FRIDAY, OCTOBER 14.

THE defendant was Recorder and Treasurer of Delaware county, duly elected and qualified, for two years from the

first Monday in January, 1860. For each year he received from the county the salary to which he was entitled under §§ 422 and 428 of the Revision; but aside from this sum, received no salary as *Treasurer*. During the time that he was thus in office, he, as treasurer, issued to the purchasers at tax sales, under chapter 45 of the Revision, 2,358 certificates, for which he received from said purchasers, thirty-five cents each, amounting in the aggregate, to $825.30. This sum, the said treasurer retained for his own use, and did not pay, or account for the same to the county. All these facts are admitted, and the question submitted is, whether this sum belongs to the county, or to said defendant. Upon an agreed case, embodying the above facts, the court below found for plaintiff, and defendant appeals.

*Bissell & Shiras* for appellants.

*Cooley & Eighmay* for appellee.

WRIGHT, Ch. J.—By § 777 of the Revision (being a part of chap. 45), it is declared that the County Treasurer shall make out, sign and deliver to the purchaser of any real estate, sold for the payment of taxes, a certificate of purchase; and that for each certificate so delivered, the purchaser shall pay a fee of fifteen cents to the clerk of the board of supervisors, and thirty-five cents to the treasurer. The question submitted for our consideration is, does this fee of thirty-five cents belong to the treasurer, or must he account for it to the county? A recorder is to be elected in each county every alternate year. The person thus elected is the treasurer of the county; he holds said office for the same time, and is charged with the duty of collecting the taxes. He is required to give bond and qualify, both as recorder and treasurer; and an omission to qualify as either, is a refusal of both offices.

1. Fees: redemption.

(Rev., §§ 473, 3589.) The recorder is to receive "as the only compensation for the performance of the several duties of his office (unless as otherwise expressed), an annual salary, to be paid quarterly from the county treasury, and to be ascertained and graduated as follows," &c. He is required to keep an account of all the fees received by him as prescribed by law for his office, entering the date, amount, and name of the person paying them. These fees he receives to his own use *to the extent of his salary*, but must render an account as often as once in each quarter; and if the amount thus received is less than his salary for the quarter, he may draw the balance from the county treasury. (Rev., §§ 422–424.) All fees of the recorder are to be deemed a part of the county revenue, and appropriated as provided by law, but are to be paid in cash (§ 4162), and no officer is allowed fees, or other compensation for any services, further than is expressly permitted by law. (§ 4131.) The recorder is required to charge certain fees for recording, which are to be paid in advance, and he is to be charged with them as so much money actually received. (§§ 4143, 4144.) Under these provisions it is claimed that, though the person elected recorder is *ex officio* treasurer, the offices are distinct, that the fees in dispute were given to the treasurer as compensation for extra services, to be paid by the person receiving the certificate, and the county cannot compel the treasurer to account for the same. In this construction we cannot concur. The section providing for the election of this officer, styles him "treasurer and recorder." And, while another section declares that the recorder shall be the treasurer, this by no means makes the two offices distinct. The same officer collects and accounts for the county revenue, and attends to the registry and recordation of deeds and all other instruments properly filed for record. But he is to receive

but one salary — the same annual compensation for the discharge of all the duties devolving upon him, in both capacities. The fees received by him when acting as treasurer he is as much bound to account for as those received as recorder. In either relation, he is the trustee of the county, and must receive and account for them to the county. They are a part of the county revenue, but he may retain sufficient to pay the salary allowed him by law. If this is not so, then he is not required to account for any fees that he may receive as treasurer, but may retain the same as extra compensation, in the face of the statute, which says that all fees received by this officer, belong to the county revenue, and that he shall receive no compensation farther than is expressly permitted by law. The statute allowed the same salary to the county judge, clerk and recorder. From this, we. argue that the salary to the latter officer was to cover his duties as treasurer. For we are warranted in saying that the recorder's duties, as such, were not so onerous as those devolving upon the clerk and judge. Neither are the duties imposed upon one who attends to the separate work of recorder, so responsible as in the other offices, and hence, their several salaries were arranged in view of the duties attached to each.

Then, again, if this salary is not to be treated as compensation for the duties of treasurer, as well as recorder, there is a large, and by far the heaviest part of the treasurer's work, for which he receives nothing. We have seen that he is collector of the taxes in his county. This includes the state, county, school, road and other levies, and yet no provision is made for paying him for all this labor and responsibility unless it is through the salary allowed him as recorder. Now, how improbable and even unreasonable is the theory which gives the treasurer extra compensation for the little matter of issuing certificates,

and yet allows him nothing for the main labor and responsibilities of his office. And yet, if the offices are to be treated as distinct, he is required to incur all the risk, and· perform all the labor of collecting the revenue for nothing. If thus distinct, then the legislature has failed to pay him for that which occupies the greater portion of his time in some counties, and yet has been careful to give him the fees for work occupying but little time, involving but little labor, and yet in the line of, and connected with, his duties as such treasurer and collector. Not only so, but the theory of the statute, and of our system of compensation to officers, in force when their services were rendered, was to give salaries a fixed and definite compensation, rather than to pay them in fees. In some, and indeed most of the States, this officer receives his compensation in fees. Under such a system the compensation in some counties would be very large and ample remuneration, while in others it would be the smallest pittance. Our law graduated the compensation in some proportion to the population of the county, and it was intended to cut off all other compensation than that named as salary, unless, in some special cases, extra allowance should be made by the proper accrediting officer or board. And it never was contemplated, as in the case before us, that beyond this salary, the recorder, or judge or clerk should receive four hundred dollars, or a greater amount even, to his own use, without liability to account for the same. Not only so, but the law provides that if any tax, interests or costs are paid, which are found to be erroneous or illegal, they are to be refunded by the treasurer on the order of the board of supervisors. If the county does not get this fee, or this part of the costs, why should it refund it? And will it be pretended that the county must pay that which the treasurer retains as extra compensation? Then again,

if land is sold by the mistake or wrongful act of the treasurer, the county is to hold the purchaser harmless, by paying him the principal, interest and costs to which he would have been entitled from the owner or party redeeming, if it had been rightfully sold. We ask again, why make the county thus liable for costs, if a part of them belong to the treasurer, without any liability to account for the same. But without referring to other provisions of the statute, or presenting more at length the reasons leading to the construction, we conclude that it was the duty of defendant to account to the county for these fees. The main foundation of appellant's argument, to wit: that the salary is for the *recorder*, and for the duties of that office proper, and that it was not intended thus to compensate him for his duties as treasurer, is not well founded, and as a consequence, his whole superstructure falls. The money received by him is "fees," within the meaning of the law, and he has no more right to retain it than any other fee paid him as recorder. If the duty required of him involves extra work, or the employment of a deputy, *or other* clerical aid, the county board may allow him extra compensation. But he cannot retain such fees, and thus by his own act increase the compensation given him by law.

Affirmed.